IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00048-MSK-KLM

DALE P. ARMELIN,

       Plaintiff,

v.

PATRICK R. DONAHUE, Postmaster General, United States Postal Service,

       Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

       This matter is before the Court on Defendant's **Motion for a More Definite**

**Statement Pursuant to Fed. R. Civ. P. 12(e) and to Dismiss Pursuant to Fed. R. Civ.**

**P. 12(b)(1) and 12(b)(6)** [Docket No. 59; Filed April 10, 2012] (the "Motions," separately

referred to as the "Motion for More Definite Statement" and the "Motions to Dismiss").

Plaintiff is proceeding *pro se*.  He filed a Response to the Motions [#65] on May 25, 2012,

and Defendant filed a Reply [#66] on June 11, 2012.  Pursuant to 28 U.S.C. § 636(b)(1)(A)

and D.C.COLO.LCivR 72.1C., the Motions have been referred to this Court for appropriate

disposition.  The Court has reviewed the pleadings, the entire case file, and the applicable

law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court

**DENIES** the Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) and

respectfully **RECOMMENDS** that the Motions to Dismiss pursuant to Fed. R. Civ. P.

12(b)(1) and (6) be **GRANTED**.[1]

## I. Summary of the Case

On January 7, 2011, Plaintiff filed a Complaint [#1] alleging discrimination in violation of Title VII.[2]  In short, he asserts that he was impermissibly retaliated against for filing EEO complaints about his supervisors during his employment with the United States Postal Service ("USPS").  *See Compl.* [#1] at 2.  He also asserts that, after these initial incidents of retaliation, the USPS further retaliated against him by withholding back pay and pay step increases.  *Id.*  Plaintiff is a male citizen of the State of Colorado.[3]  *See Compl.* [#1] at 2.

Plaintiff's first two claims assert retaliation and discrimination based on the same set of incidents.  *See id.* at 4, 14.  In connection with these two claims, Plaintiff attached an Equal Employment Opportunity ("EEO") complaint (No. 4E-800-0247-06), filed October 8, 2006, and an Information for Pre-Complaint Counseling form, dated July 7, 2006,[4] in which

---

[1]  As explained below, the granting of the Motions to Dismiss does not dispense with all of Plaintiff's claims in this action.

[2]  Defendant raises the issue of whether Plaintiff timely filed his Complaint in connection with one of his claims, which the Court addresses later in this Recommendation.  *See Motion* [#59] at 13-14.

[3]  Plaintiff fails to identify his own race and color anywhere in the Complaint, but Defendant attaches an Investigative Report in which it is stated that Plaintiff identifies his race as "Black."  *Id.*

[4]  Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court has examined the documents submitted by the parties in connection with the Complaint and the Motion and has determined that

Plaintiff states that on June 30, 2006, he was placed on "Emergency Placement In a Without Pay Status" and had his "driving privileges revoked for two, alleged, offenses." *See id.* at 5.  One of these offenses occurred on June 28, 2006, when Plaintiff left his keys in the ignition of his mail truck in the auxiliary position while he was in the back of the truck sorting mail.  *Id.*  The truck was curbed with the hand brake set.  *Id.*  Paul Corbeil ("Corbeil")[5] "snuck up" behind Plaintiff and told him that the keys must not be in the ignition while Plaintiff was out of the cab of the truck.  *Id.*  Plaintiff asserts that the regulation prohibiting this action is "impossible to enforce," because the key must be in the ignition and in auxiliary position to complete the safety check on the rear lights each morning.  *Id.* at 6.  Plaintiff states that Mr. Corbeil was sent out that day by Abe Payton ("Payton"), Plaintiff's supervisor, after Plaintiff refused to break postal safety guidelines when asked to do so by Mr. Payton.  *Id.* at 7.

The additional offense occurred a few days earlier, on June 22, 2006.  *Id.*  Plaintiff made a U-turn while delivering mail and was afterward disciplined for "Failure to Operate A Postal Vehicle In A Safe Manner."  *Id.*  Plaintiff states that Mr. Payton had told him "to make U-turns and take every available shortcut in order to save time, and failure to follow directions is a dismissible offense!"  *Id.*  Plaintiff also asserts that under Colorado Law, U-turns are legal unless a road sign prohibits them or the road has a double yellow line.  *Id.*  Plaintiff asserts that the intersection where he made the U-turn did not have either of these

each of the documents cited to in this decision may appropriately be considered by the Court in making its Recommendation on the Motion.

[5] At the time of the incident, Mr. Corbeil was a "204-B supervisor" employed by the USPS, but it is unclear whether he was Plaintiff's direct supervisor.  *See Compl.* [#1] at 5.

markers and was therefore a "protected" U-turn area. *Id.* Plaintiff states that he used his turn signal and waited for the intersection to be cleared before making the U-turn. *Id.* Due to these two offenses, Plaintiff was suspended from his employment and had his driving privileges revoked. *Id.* at 14. Plaintiff claims that these disciplinary measures were discriminatory because all other carriers performed their safety checks with the key in the ignition and made U-turns when directed to do so. *Id.*

Plaintiff's third claim is based on his failure to receive back pay and pay step increases (hereinafter "pay raises") which he alleges that he should have received after initial resolution of the aforementioned incidents. In connection with this claim, Plaintiff attaches two more Information for Pre-Complaint Counseling forms, dated September 4, 2006 and January 12, 2008. *Id.* at 18-27. In the first form, Plaintiff reiterates the same information about the two offenses already discussed above. *See id.* at 19. In the second form, Plaintiff states that he was suspended from work from June 30, 2006 through October 20, 2006, and during this time he should have received two pay raises. *See id.* at 22. Plaintiff asserts that, as a result of a Dispute Resolution Team Ruling, he was ordered to be returned to work and to be reimbursed for all lost pay, but that when he received his back pay the raises were not included. *Id.* Plaintiff filed a grievance regarding the pay raises that he asserts he was owed and that Mr. Payton had allegedly agreed to pay. *Id.* Plaintiff asserts that he has yet to receive the pay raises as well as back pay owed to him for two extra months of unjust "Emergency Placement." *Id.* at 25. He further alleges that these funds are being withheld by Mr. Payton in retaliation for the multiple discrimination complaints which Plaintiff has filed against him. *Id.*

In connection with these claims, Plaintiff seeks four forms of relief: (1) back pay and

other owed funds including pay raises, overtime, sick pay, vacation pay, and thrift savings contributions; (2) monetary compensation for emotional and mental distress and "the physical manifestations of same;" (3) removal of all disciplinary actions from his personnel files; and (4) punitive damages "to the full extent allowed by law." *Compl.* [#1] at 30.

Defendant contends that Plaintiff should be required to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) because Plaintiff's claims are so ambiguous that Defendant cannot reasonably prepare a response. *See Motion* [#59] at 5. Defendant asserts that Plaintiff's three claims for relief are unclear and indistinguishable and that Plaintiff's Complaint therefore fails to place Defendant on fair notice of the claims against which the USPS must defend. *Id.* at 6.

Defendant also moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to affirmatively show that jurisdiction exists without drawing inferences from outside the pleadings. *See id.* at 8. Defendant states that in a Title VII case, the court has jurisdiction only over claims for which administrative remedies have been exhausted. *Id.* In this case, Defendant argues that the Court's subject matter jurisdiction is limited to the single retaliation claim that Plaintiff asserted in his October 8, 2006, EEO Complaint, as this was the only claim for which he exhausted his administrative remedies. *Id.*

Defendant also moves to dismiss Plaintiff's third claim pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff's Complaint was untimely filed as to the pay issues. *See id.* at 13. Because Title VII requires that a complaint be filed within ninety days from the receipt of the final agency decision, 29 C.F.R § 1614.407, and because Plaintiff waited nearly two-and-a-half years after the agency's final decision before filing his pay-related

claim in district court, Defendant asserts that it should be dismissed.  *Id.* at 14

## II. Standard of Review

### A.    Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

### B.    Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon

which relief can be granted"). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## C.    Fed. R. Civ. P. 12(e)

Fed. R. Civ. P. 12(e) states that, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court. *Daley v. Reg'l Transp. Dist.*, 142 F.R.D. 481, 485 n.3 (D. Colo. 1992). As such, it is rarely granted unless the complaint is "so

excessively vague and ambiguous as to be unintelligible" or defendant would be prejudiced in its attempt to answer it. *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted).

**D.    Plaintiff's *Pro Se* Status**

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Court first addresses Defendant's argument regarding subject matter jurisdiction over Plaintiff's claim of discrimination based on race and color. The Court of Appeals for the Tenth Circuit has held that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). When a plaintiff asserts "claims of employment discrimination against the federal government," he "must satisfy various regulatory pre-filing requirements" to exhaust his administrative remedies. *Phipps v. U.S. Postal Serv.*, No. 2:09-cv-102-CW-PMW, 2011 WL 900548, at

*3 (D. Utah Mar. 14, 2011).  Specifically, a plaintiff alleging a Title VII violation by a federal agency must file a formal complaint with that agency.  29 C.F.R. § 1614.106(a) ("A complaint must be filed with the agency that allegedly discriminated against the complainant."); 29 C.F.R. § 1614.407 (explaining that a plaintiff cannot file a civil action under Title VII until he has filed a formal complaint).  "The failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal pursuant to Fed. R. Civ. P. 12(b)(1)."  *Underwood v. Geo Group, Inc.*, No. 10-cv-00306-LTB-KLM, 2010 WL 2653316, at *2 (D. Colo. June 30, 2010)  (citing *Shikles*, 426 F.3d at 1317).  Plaintiff has the burden of proving that he has exhausted his administrative remedies prior to the filing of his Complaint.  *See McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

Plaintiff's EEO complaint No. 4E-800-0247-06 complains only of retaliation on the basis of prior EEO activity.  *Compl.* [#1] at 4.  The three Information for Pre-Complaint Counseling forms dated July 7, 2006, September 4, 2006, and January 12, 2008 are not formal EEO complaints on which this Court may base jurisdiction over a Title VII discrimination claim.  *See id.* at 14, 18-19, 22, 26; *Smith v. Potter*, 252 Fed. App'x 224, 227 (10th Cir. 2007).  The record in this case fails to demonstrate that Plaintiff ever filed a formal complaint asserting discrimination on the basis of race and color against his employer.[6]  *See Compl.* [#1] at 2 (where Plaintiff checked the boxes on his Title VII Complaint form for discrimination on the basis of  "Race" and "Color").  Because the pleadings and pertinent

---

[6] Plaintiff appears to have attempted to assert claims for discrimination on the basis of race and gender at some point, but he explicitly dropped those claims early on in the course of the administrative investigation.  *See Ex. A, Investigative Report* [#59-1] at 3.

records are devoid of any indication that Plaintiff filed a formal complaint on those issues, the Court finds that Plaintiff failed to exhaust his administrative remedies regarding his discrimination claim. *See McBride*, 281 F.3d at 1105-06 (starting that the plaintiff has the burden of proving exhaustion of administrative remedies). The Court therefore lacks subject-matter jurisdiction over Plaintiff's discrimination claim. *Shikles*, 426 F.3d at 1317. Accordingly, the Court **recommends** that Plaintiff's discrimination claim on the basis of race and color be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). *Id.*; *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice").

## B.   Motion to Dismiss for Failure to State a Claim

Plaintiff's third claim is based on his alleged denial of appropriate back pay and pay raises. On January 12, 2008, Plaintiff filled out an Information for Pre-Complaint Counseling form. *Compl.* [#1] at 22-27. He was thereafter granted permission to file a formal complaint and did so on February 19, 2008 (Case No. 4E-800-0079-08). *Ex. E, Discrimination in the Postal Service* [#59-5]. In these documents, he asserted that:

> On 10/18/06 I filed EEO Charge #4E-800-0247-06 for retaliation as a result of being unjustly put in an "Emergency Placement Without Pay" status. I also filed a grievance on the matter. I was out-of-work from 6/30/06 through 10/20/06. During that time I should have received two step increases in my pay. One was a contractual increase for all letter carriers. The other was a personal increase as I advanced to the next level of the pay scale . . . . As a result of a dispute resolution team ruling on my "Emergency Placement" and "Notice of Removal," I was ordered to be returned to work on 10/20/06 and I was to be re-imbursed for all lost pay . . . ."

*Id.* at 2, 4. On March 5, 2008, Plaintiff's complaint regarding back pay and pay raises was dismissed for failure to timely file with the EEOC. *Ex. F, Dismissal of Formal EEO*

*Complaint* [#59-6]. On July 29, 2008, this decision was affirmed on appeal and Plaintiff was informed that he had ninety days from the date he received the decision to file a civil action in federal court. *Ex. G, Decision* [#59-7] at 4.

"As a prerequisite to his suit, the federal employee must file an administrative complaint concerning his allegations, and he may not bring his suit more than ninety days after receiving a final decision from either his employing agency or from the [Equal Employment Opportunity Commission ('EEOC')]." *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997); *see* 42 U.S.C. § 2000e-16(c) (explaining the requirement for filing a civil action within 90 days). Plaintiff filed the present action on January 7, 2011, nearly two-and-a-half years after receiving notice of his right to file a civil action, long after his ninety-day window for filing had passed. In addition, Plaintiff has presented no facts that indicate that equitable tolling may be warranted. Accordingly, the Court **recommends** that Plaintiff's third claim in connection with Case No. 4E-800-0079-08 regarding denial of back pay and pay raises be denied with prejudice.[7] *See Brown v. Kempthorne*, 190 Fed. App'x 590, 591 (2006) (affirming district court's dismissal with prejudice of the plaintiff's Title VII lawsuit filed more than 90 days after plaintiff received a final decision from the EEOC).

## C.   Motion for More Definite Statement

The only claim remaining in Plaintiff's Complaint is retaliation for prior EEO activity in contravention of Title VII in connection with the events that occurred in June 2006 as

---

[7] The Court notes that Plaintiff seeks "back wages and monies I am owed," among other forms of relief in this matter. *Compl.* [#1] at 30. The Court does not here determine whether Plaintiff is precluded from recovering back pay and other compensation in connection with his remaining claim, only that he is barred from pursuing a separate claim for such relief in connection with Case No. 4E-800-0079-08.

outlined in his EEO complaint No. 4E-800-0247-06, for which Plaintiff received his notice of right to file civil action in October 2010.  *See Compl.* [#1] at 4-11, 31-32.

A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court. *Daley v. Reg'l Transp. Dist.*, 142 F.R.D. 481, 485 n.3 (D. Colo. 1992).  As such, it is rarely granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible" or defendant would be prejudiced in its attempt to answer it.  *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted).   Here, Defendant moves for a more definite statement as to the claims in Plaintiff's Complaint.[8]  Although there is little doubt that the allegations and claims in Plaintiff's Complaint could have been presented in a more straightforward manner, Defendant has been responding to the issues presented by Plaintiff in administrative proceedings for years.  Defendant submitted multiple documents in connection with the Motions that outline the administrative proceedings and the events underlying them, all of which the USPS asserts may properly be examined in connection with the Motions, and none of which demonstrate any difficulty by the USPS in understanding Plaintiff's claims. *See Exs. A-G to Motion* [#59-1, -2, -3, -4, -5, -6, -7].  Further, Plaintiff's cover sheet states that he is alleging discrimination on the basis of race, color, and retaliation due to demotion/discharge from employment and six months suspension without pay. *See Compl.* [#1] at 2.  Based primarily on Defendant's extensive familiarity with the events underlying this case, the request for a more definite statement borders on the frivolous.  Accordingly,

---

[8]   In light of the Court's recommendation that the claims relating to race and color discrimination and Case No. 4E-800-0079-08 be dismissed, the Court construes this motion in light of the single remaining claim.

the Court **denies** Defendant's request for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

### IV.  Conclusion

Accordingly, the Court respectfully **RECOMMENDS** finding that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be **GRANTED** and that Plaintiff's Title VII claim of race and color discrimination be **DISMISSED without prejudice**.

IT IS FURTHER **RECOMMENDED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED** and that Plaintiff's claim in connection with Case No. 4E-800-0079-08 and his denial of back pay and step increases be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that Defendant's Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) is **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).


Dated:  September 5, 2012


BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge