IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00048-MSK-KLM

DALE P. ARMELIN,

    Plaintiff,

v.

PATRICK R. DONAHUE, Postmaster General, United States Postal Service,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Reconsideration of Recommendation of United States Magistrate Judge** [Docket No. 72; Filed September 13, 2012] (the "Motion").  On September 27, 2012, Defendant filed a Response [#74].  Plaintiff has not filed a Reply.  The Motion is ripe for review.

On January 7, 2011, Plaintiff filed a Complaint [#1] alleging discrimination in violation of Title VII.  In short, he asserts that he was impermissibly retaliated against for filing EEO complaints about his supervisors during his employment with the United States Postal Service ("USPS").  *See Compl.* [#1] at 2.  He also asserts that, after these initial incidents of retaliation, the USPS further retaliated against him by withholding back pay and pay step increases.  *Id.*

On April 10, 2012, Defendant filed a Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) and to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

[#59]. After briefing was completed, the undersigned issued a Recommendation to the District Judge that Plaintiff's Title VII claim of race and color discrimination be dismissed without prejudice and that Plaintiff's claim in connection with Case No. 4E-800-0079-08 and his denial of back pay and step increases be denied with prejudice. *Recommendation* [#71] at 13. This Recommendation did not dispose of all of Plaintiff's claims. *See id.* at 2 n.1.

Plaintiff here seeks reconsideration of the Court's Recommendation granting Defendant's Motion to Dismiss, in short asserting that he has, in fact, exhausted all of his administrative remedies. *Motion* [#72]. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

First, Plaintiff presents no argument in his Motion [#72] regarding "an intervening change in the controlling law." *Brumark Corp.* 57 F.3d at 944. Second, Plaintiff asserts that an "official" copy of the EEOC hearing transcript would demonstrate "overwhelmingly" that the issue of discrimination had been raised and addressed by the EEOC. *Motion* [#74] at 3. However, this information is not before the Court. In addition, Plaintiff asks the Court to take notice of documents he filed in a related case, No. 12-cv-02331-BNB, on August 31, 2012, "as they are part and partial [sic] to the same on-going issues of discrimination


and vindictive retaliation." *Id.* at 4. Plaintiff has not provided any reason as to why these documents are "new" and "previously unavailable" evidence, or why they were not filed in the present matter. *Servants of Paraclete*, 204 F.3d at 1012. In fact, every indication is that the evidence that Plaintiff wishes the Court to examine has long been available to Plaintiff but he simply chose not to file it in this matter, either in Response to Defendant's Motion to Dismiss or in connection with the present Motion. Third, Plaintiff has shown neither that the Court has made a "clear error" nor that the Court's Recommendation must be modified to "prevent manifest injustice." *Brumark Corp.* 57 F.3d at 944. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#72] is **DENIED**.

Dated: October 24, 2012

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge