IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00048-MSK-KLM

DALE P. ARMELIN,

    Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General, United States Postal Service,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Reconsideration of the Court's Minute Order** [#134] (the "Motion").

On January 7, 2011, Plaintiff filed a Complaint [#1] alleging discrimination in violation of Title VII.  In short, he asserts that he was impermissibly retaliated against for filing EEO complaints about his supervisors during his employment with the United States Postal Service ("USPS").  *See Compl.* [#1] at 2.  He also asserts that, after these initial incidents of retaliation, the USPS further retaliated against him by withholding back pay and pay step increases.  *Id.*

On September 13, 2013, Defendant filed a Motion to Quash Subpoenas [#125] that has been served (or attempted to be served) by Plaintiff.  On September 16, 2013, Plaintiff filed a Motion to Compel [#127] the documents that were the subject of the subpoenas in Defendant's Motion to Quash [#125].  On October 2, 2013, the Court issued a Minute Order

[#131] granting Defendant's motion and denying Plaintiff's motion on the basis that the discovery deadline passed on July 15, 2013 and that Plaintiff had not served his subpoenas until mid-August 2013. In the present Motion [#134], Plaintiff asks the Court to reconsider that Order [#131].

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

First, Plaintiff presents no argument in his Motion [#134] regarding "an intervening change in the controlling law." *Brumark Corp.* 57 F.3d at 944. Second, Plaintiff provides a lengthy explanation of his and opposing counsel's conduct in taking discovery and in motions practice throughout the latter half of this litigation. *Motion* [#134]. However, nothing that he states alters the fact that the discovery deadline in this case passed on July 15, 2013, and that the discovery he wants was untimely sought by the August subpoenas. He has provided no reason why he could not have timely complied with the deadlines set in this case, of which he was well aware. Thus, Plaintiff has not provided any relevant "new" and "previously unavailable" evidence. *Servants of Paraclete*, 204 F.3d at 1012. Third, Plaintiff has shown neither that the Court has made a "clear error" nor that the Court's Minute Order must be modified to "prevent manifest injustice." *Brumark Corp.* 57

F.3d at 944. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#134] is **DENIED**.

Dated: October 24, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge